## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDDIE BROWN,

      Plaintiff,               Case Number 4:24-CV-10352

                                 F. Kay Behm

v.                          U.S. District Judge

ROACH,

      Defendant,

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING WITHOUT PREJUDICE THE COMPLAINT

This matter is before the Court on Plaintiff Eddie Brown's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Lakeland Correctional Facility in Coldwater, Michigan. The Court reviewed Plaintiff's application to proceed without prepayment of fees and costs and his prison trust account statement; the case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to

1

provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint.  Plaintiff has filed an application to proceed without prepayment of fees and costs, along with the supporting documentation.

A review of these documents shows that Plaintiff currently has a spendable account balance in his prison trust account of $ 501.64, which is more than amount of the fee to file a civil action. (ECF No. 2, PageID. 28, 29, 31).

28 U.S.C. § 1915(e)(2)(A) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(A)    The allegation of poverty is untrue [;].

28 U.S.C. § 1915(e)(2)(A) requires the dismissal of a case if there is an incorrect or unsubstantiated claim of poverty made by the plaintiff. *See Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated on other grds by Jones v. Bock*, 549 U.S. 199 (2007); *Jones v. Michigan Dep't of Human Servs.*, No. 12-14466, 2013 WL 640771, at * 2 (E.D. Mich. Feb. 21, 2013)(Adopting in Part and Rejecting in Part the Report and Recommendation of Magistrate Judge).  The spendable account balance of $ 501.64 in Plaintiff's prison trust account indicates that Plaintiff has sufficient funds to pay the full amount of the filing fee.

When a district court determines that a plaintiff's allegations of poverty are untrue, dismissal is required under the mandatory language of 28 U.S.C. § 1915. *See*

2

*Redd v. Redmon*, 215 F.3d 1327 (Table), 2000 WL 658291, at * 1 (6th Cir. May 9, 2000)("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue").   The complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). *Woodson v. United States*, 89 Fed. Cl. 640, 647, n. 14 (2009).   "Dismissal on this ground is not discretionary." *Id.*

## ORDER

IT IS HEREBY **ORDERED** that the application to proceed without prepayment of fees and costs is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(A). The dismissal is without prejudice to Plaintiff filing a new complaint in a new case with the $ 350.00 filing fee plus the $ 52.00 administrative fee.

<u>s/F. Kay Behm</u>
F. Kay Behm
U.S. District Judge

Dated: May 14, 2024

3